UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEAR VIEW ENTERPRISES, LLC, | No. 2:23-cv-01359-DC-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| EDWARD LOTT, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for default judgment against Defendant Victory Litigation Fund, LP ("VLF"). ECF No. 18. VLF has not filed an opposition, responded to this motion, or otherwise entered an appearance.

Motions for default judgment are referred to the Magistrate Judge pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). Plaintiff's motion implicates the propriety of default judgment when a defaulting defendant's liability depends on the yet-to-be-adjudicated liability of another defendant who has appeared. Default judgment is generally improper under such circumstances and it is here as well. The Court accordingly recommends that the motion for default judgment be DENIED.

////

1

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on July 11, 2023. ECF No. 1. Plaintiff brought various state law claims against Defendants arising from a transaction involving the purchase of leads for personal injury cases. *Id*. Plaintiff is in the business of sales, purchase, and marketing leads for potential clients in large personal injury cases to attorneys and law firms. ECF No. 1 at ¶ 3. Defendant ForLawFirmsOnly Marketing, Inc., ("FLFO") is a marketing company that accumulates, generates, collects, and develops leads for large personal injury cases. *Id*. at ¶ 5. Defendant Edward Lott ("Lott") owns and manages FLFO. *Id*. Defendant Victory Litigation Fund, LP is a limited partnership that accumulates, generates, collects and develops large potential clients in personal injury cases. *Id*. at ¶ 6. Plaintiff's claims include fraud, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and violation of California Penal Code § 496(c). *Id*. at ¶¶ 16-133. Plaintiff seeks compensatory damages, punitive damages, treble damages, prejudgment interest, and attorney's fees. *Id*. at 20.

Plaintiff alleges that in April 2020, it entered into communications and discussions with Defendant Lott regarding the purchase of leads from FLFO. *Id*. at ¶ 8. Plaintiff alleges that Lott represented that all leads for sale were potential clients who had been tested, treated or diagnosed with cancer, were pre-screened by him and FLFO, and their contact information was current and correct. *Id*. at ¶ 9. Plaintiff alleges from April 2020, through September 2022, Plaintiff paid a total of $3,257,000 to Lott. *Id*. at ¶ 8.

In January 2022, Lott and FLFO sold and assigned to VLF all rights in the leads sold to Plaintiff. *Id*. at ¶ 10. Around July 2022, Plaintiff started to audit the leads purchased from Lott and FLFO, which revealed that over 90% of the leads were not potential clients that had been treated, diagnosed or tested for cancer, and did not have correct contact information. *Id*. at ¶ 11.

Plaintiff contacted VLF, demanding reimbursement for the money paid to FLFO and Lott for the bad leads. *Id*. at ¶ 12. Plaintiff alleges during a conversation with Ron Lasorsa ("Lasorsa"), the general manager of VLF, Lasorsa admitted and represented that VLF had

acquired all assets and liabilities of FLFO. *Id*. at ¶ 14. In that conversation, Lasorsa also admitted and represented that the leads Plaintiff purchased had been assigned to VLF, VLF assumed all liabilities for those leads specifically, and Lott was involved with VLF at a principal level. *Id*. According to Plaintiff, Lasorsa and VLF currently refuse to reimburse Plaintiff for the leads. *Id*. at ¶ 15.

Plaintiff filed a return of service stating that VLF was served on August 23, 2023, and that an answer was due on September 13, 2023. ECF No. 6. On April 11, 2024, Plaintiff requested the Clerk enter default against VLF, who has never made an appearance. ECF No. 14. The Clerk entered default on April 17, 2024. ECF No. 15. On September 22, 2024, Plaintiff was directed by District Judge England to file a Motion for Default Judgment as to defendant VLF. ECF No. 17. Plaintiff filed the motion (ECF No. 18) on October 1, 2024, set for hearing before the undersigned on November 7, 2024.

The Motion for Default Judgment was initially submitted without oral argument on October 21, 2024. ECF No. 20. On September 2, 2025, the Court issued a minute order setting a hearing on the Motion for September 11, 2025, to address the propriety of default judgment in a case involving multiple defendants. ECF No. 22. The Court offered Plaintiff the opportunity to submit a supplemental brief, which Plaintiff filed and which the Court has considered. ECF No. 24. The Court heard argument on September 11, 2025—still without VLF's appearance or participation—and now issues this recommendation.

## ANALYSIS

### I.      Plaintiff's Motion for Default Judgment

Plaintiff argues that the Court should enter default judgment against VLF because it was properly served, never responded to the complaint, or entered an appearance and the clerk entered VLF's default. ECF No. 18 at 3. Plaintiff moves for default judgment only as to liability against VLF, stating that a determination of damages "will depend on the resolution of still pending claims" between Plaintiff and FLFO and Lott. *Id*. at 4. In both its Complaint and Motion for Default Judgment, Plaintiff argues that VLF is a successor in liability, alleging VLF is the assignee of all FLFO's and Lott's interest, and that VLF had acquired all of FLFO's liabilities.

3

*Id.* at 8; ECF No. 1 at ¶¶ 22-25, 39-41, 53-55, 63-65, 89-91, 101-103, 113-15, 126-28.

## II.    Default Judgment in Actions Involving Multiple Defendants

"The leading case on the subject of default judgments in actions involving multiple defendants is *Frow v. De La Vega*, 82 U.S. 552 (1872)." *In re First T.D. & Inv.*, *Inc.* 253 F.3d 520, 532 (9th Cir. 2001).  Under *Frow*, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *Id.* at 532.  "It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants." *Id.*  It would be "incongruous and unfair" to allow a party to prevail against defaulting defendants on a theory rejected by the court as to answering defendants.  *Id.*

Courts have expanded the *Frow* doctrine beyond its original context of jointly liable co-defendants.  It also applies to co-defendants who "are 'similarly situated,' such that the case against each rests on the same legal theory." *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012), citing *In re First T.D. & Inv.*, *Inc.*; *see also Moore v. Booth*, 122 F.4th 61, 67 (2nd Cir. 2024) ("We, along with the majority of federal appellate courts, have held that the *Frow* principle is not limited to cases of joint liability but more generally prohibits a default judgment that is inconsistent with a judgment on the merits.") (internal citation and quotation omitted).

Plaintiff alleges that VLF inherited FLFO's liability and therefore rests on a theory of successor liability derivative of FLFO's own liability. ECF No. 1 at ¶¶ 22-25, 39-41, 53-55, 63-65, 89-91, 101-103, 113-15, 126-28.  Absent the entry of default judgment against VLF, the scope of liability against FLFO and Lott will necessarily dictate whether VLF is liable, or at least bear directly upon that question.  Counts one through nine do not contain separate allegations of wrongdoing by VLF.  Rather, the allegations of wrongdoing are against FLFO and Lott, with allegations that VLF is their successor.  *Id.*  The two sets of defendants are clearly similarly situated based on the allegations in the complaint. Plaintiff also argues expressly that this is a joint and several liability case.  ECF No. 18 at 11.

1 The Ninth Circuit and other courts continue to apply *Frow* beyond joint liability, extending it to situations where defendants are similarly situated or where liability is closely interrelated. *See In re First T.D.*, 253 F.3d at 532. "*Frow*'s applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." *Shanghai Automation Instrument Co. v. Kuei,* 194 F. Supp. 2d 995, 1008 (9th Cir. N.D. Cal. 2001). Because the claims against VLF are factually and legally intertwined with claims against non-defaulting FLFO and Lott, *Frow* and its progeny strongly advise against entering default judgment at this stage. Instead, "entry of default judgment should be deferred until after trial has been completed." *Odnil Music Ltd. v. Katharsis, LLC*, No. CV S-05-0545 WBS PAN, 2006 WL 8458819, at 3 (E.D. Cal. June 14, 2006).

Plaintiff's supplemental brief (ECF No. 54) acknowledges that *Frow* and *In re First T.D.* are the controlling authorities on this issue and that federal courts "routinely" rely on such cases "to deny default judgment where liability is intertwined." ECF No. 24 at 2. Plaintiff further recognizes that whether to enter default judgment rests in the Court's discretion. *Id.* at 3-4. Plaintiff requests the Court exercise its discretion to enter default judgment as to liability only and cites to three district court decisions. *Id*. at 3. The Court has considered those cases and does not find they support the entry of default judgment in this matter where Plaintiff's claims rest on a theory of successor liability against VLF. *See Newsom v. Bankers All. Inc*., No. 4:09-CV-05288-SBA, 2013 WL 1195506, at 7 (N.D. Cal. Feb. 28, 2013) (stating courts "are reluctant to grant default judgment against defendants whose liability is entirely derivative").

**CONCLUSION**

The decision of whether to enter default judgment ultimately rests in the Court's discretion. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). The liability of VLF as to counts one through nine is not independent from that of FLFO and Lott. Plaintiff's claims rely on a theory of successor liability, which is derivative by nature. If the Court were to enter default judgment now, it could result in inconsistent judgments if FLFO and Lott were later found to be not liable. FLFO and Lott have answered the complaint (ECF No. 8), and their

liability has not been adjudicated.  As the Ninth Circuit has made clear, where defendants are similarly situated, judgment should not be entered against a defaulting defendant if it might result in inconsistent judgments.  *In re First T.D*, 253 F. 3d at 532.  The undersigned finds that the *Frow* doctrine and its progeny weigh against the entry of a default judgment for Plaintiff.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment (ECF No. 18) be DENIED,

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 18, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE